NEW YORK PRACTICE REPORTS. 385

ⵏThe People agt. The Police Comm'rs of Troy.

## SUPREME COURT.

THE PEOPLE, *ex rel.*, JOHN J. GRACE agt. THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF TROY.

The board of police commissioners of the city of Troy, have the power, under the act by which they were organized, to remove a member of the police force by reason of his being *over age.* And it makes no difference whether the member removed, was appointed *before* the commissioners had by their rules and regulations, fixed the ages of its members, or not.

As the commissioners have a right to determine whether a member is disqualified from acting under the rules and regulations which they have adopted, their action in removal cannot be disturbed unless they have transcended their powers. And as they clearly have jurisdiction in such case, even if they act unlawfully, the remedy is not by *mandamus*, but by a *common law certiorari.*

*Albany General Term, March,* 1872.

*Before* MILLER, *P. J.*, POTTER *and* BALCOM, *JJ.*

APPEAL by the relator from an order made at special term, denying an application for a peremptory *mandamus* against the board of police commissioners of the city of Troy, to require said board forthwith to permit and suffer the relator to discharge his duties as captain of the police force of said city, and to execute and deliver to him drafts upon the chamberlain for the payment of the relator's salary theretofore earned.

On the 19th day of June, 1871, he was served with a notice to appear before the commissioners on the 31st of that month, to answer to charges preferred against him for disqualification by reason of being over age. The relator appeared, and such proceedings were had, that on the 1st of July, 1871, the board removed him on the ground of his being over forty years of age.

The board consists of three commissioners of which the

mayor is one and the chairman of the board, the other two are elected.

The other facts, so far as material, are sufficiently referred to in the opinion..

M. I. TOWNSEND, *for relator.*

R. A. PARMENTER, *for respondent.*

*By the court,* MILLER, *P. J.*—I think that the commissioners had power to revoke the relator's appointment. The rules and regulations of the commissioners prescribe certain qualifications for persons appointed, and among others, that such persons shall be not less than twenty-one, nor over forty years of age, when, therefore, a person appointed arrives at the age of forty years, he becomes disqualified, and the right to declare that he is such is incident to the general powers of the commissioners. If it were otherwise then the rule would be of no avail after an appointment had once been made.

The question whether the relator had arrived at the age which disqualified him, was then a fair subject of inquiry and examination, and after notice to the relator, the commissioners were authorized to proceed and determine how the fact was.

Nor is it, I think, any answer to this view of the subject, to say, that the relator was appointed before the board had adopted any rules as to qualifications; for if such was the fact, he would, nevertheless be bound by any subsequent rules which the commissioners had authority to adopt. He had no reserved rights which gave him power to retain the office, for an unlimited period of time beyond that prescribed for other members of the force, and was subject also with them, to such general regulations as might be adopted. Were it otherwise, he might remain to an extreme old age, without any power of removal by the board of commissioners. Section 11 of the act provides, that " all officers and mem-

bers of the police department subject to removal for cause hereinafter specified, shall hold their offices during good behavior, or as each shall well and faithfully observe and execute all the rules and regulations of said board, &c. (*S. L. of* 1870, *p.* 1225). This provision does not confer any exemption from a compliance with the rules and regulations of the board lawfully established, and although no removal could be made, except for the causes specified, yet, when the officer holds in violation of any rule, I think, the appointment can be revoked. By section 22 of the act, the commissioners are empowered " to enact and from time to time to modify and repeal, by-laws, ordinances, rules and regulations of general description," &c. " Wherein shall be specified the modes of appointment to, and removal from office of all members of said police force, and the manner of discipline of said police," &c. Any new rule would apply to those in office as well as such as might afterwards be appointed, and under this provision, the commissioners were authorized as a matter of discipline to fix and prescribe the age of its officers.

As the commissioners had a right to determine whether the relator was disqualified from acting under the rules and regulations which had been adopted, their action cannot be disturbed, unless they have transcended their powers.

And as they clearly had jurisdiction even if they acted unlawfully, the remedy was not by *mandamus*, but by a common law *certiorari*. This would prevent the subject of their action for review, and in such a proceeding, the court may go beyond the inquiry, whether the inferior tribunal had jurisdiction, and examine the case upon the whole evidence, to ascertain whether any error had been committed in the proceedings before the inferior tribunal (*The People ex rel., Cook* agt. *The Board of Police*, 39 *N. Y.*, 506). This and other recent cases enlarges the office of a common law *certiorari.*

The cases relied upon to establish that a *mandamus* was

the proper remedy, all present the question of jurisdiction, and do not involve a trial and determination where there was no question as to the jurisdiction (19 *N. Y.*, 188; 35 *Barb.*, 535; 27 *Barb.*, 487; 30 *How.*, 78).

In *The People* agt. *The Board of Police,* (26 *Barb.*, 481), it was held distinctly that a *certiorari* to review the proceedings of the board of police, in removing a policeman, was the appropriate remedy for the party aggrieved (See also 27 *N. Y.*, 378; 33 *N. Y.*, 382). The relator's remedy was, therefore, by *certiorari* and not by *mandamus.*

The special term was right in refusing a *mandamus,* and the order must be affirmed.